COZEN O'CONNOR
Douglas B. Fox, Esquire
Bar Roll No. DF5799
45 Broadway Atrium
New York, New York  10006
(212) 509-9400

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN  DISTRICT OF NEW YORK

---

LIBERTY MUTUAL FIRE INSURANCE COMPANY    INDEX NO.:
as Subrogee of Jeffrey Aveis
175 Berkeley Street
Boston, Massachusetts

                  Plaintiff,

      v.

PB HEAT LLC
doing business as PEERLESS BOILERS
9th & Rothermel Drive
P.O. Box 447
New Berlinville, PA 19545

    and

BOTTINI FUEL OIL CORPORATION
21 Alexander Blvd.
Poughkeepsie, New York 12603

                Defendants.

**07 CIV. 3352**

**JURY TRIAL
DEMANDED**

**BRIEANT**

---

## COMPLAINT

Plaintiff, Liberty Mutual Fire Insurance Company, and as subrogee of Jeffrey Aveis, by

and through their undersigned counsel, hereby says:



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

ORIGINAL

## THE PARTIES

1.      Plaintiff, Liberty Mutual Fire Insurance Company (hereinafter "Liberty Mutual") is a Massachusetts corporation, with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts.

2.      At all times material hereto, Liberty Mutual was authorized to issue policies of insurance within the State of New York.

3.      Plaintiff issued a policy of insurance to Jeffrey Aveis which provided insurance coverage for the real and personal property located at 117 Peter Drive, Wappingers Fall, New York 12590 (hereinafter "the premises").

4.      Upon information and belief, Defendant PB Heat, LLC, d/b/a  Peerless Boilers Heat, LLC  (hereinafter "PB Heat"), is a Pennsylvania corporation with a principal place of business located at 9th and Rothermel Drive, P.O. Box 447, New Berlinville, Pennsylvania 19545.

5.      At all times relevant herein, PB Heat, LLC  was engaged in the business of, <u>inter alia</u>, designing, engineering, manufacturing, assembling, packaging, inspecting, testing, selling, supplying, distributing of heating equipment, maintaining and/or placing into the stream of commerce residential, oil-fired boiler products, equipment  and services, including all components thereof.

6.      Defendant, Bottini Fuel Oil Corporation (hereinafter "Bottini") was, at all times material hereto, a business duly organized and existing under the laws of the State of New York, with its principal place of business located at 21 Alexander Boulevard, Poughkeepsie, New York 12603.

2

7.      At all times relevant herein, Bottini was engaged in the business, _inter alia,_ of providing residential home heating oil, and providing repair and maintenance to oil-fired hot water boilers, including component parts thereof.

## JURISDICTION ALLEGATIONS

8.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332 as this action is between citizens of different states, and the amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

9.      Venue is properly laid in the Southern District of New York pursuant to 28 U.S.C. §1391 as the events or omissions giving rise to the claims at issue occurred within this district and defendants are subject to personal jurisdiction within the district.

## FACTS

10.      On or before May 24, 2006, defendant PB Heat designed, manufactured and distributed an oil-fired hot water boiler further believed to be identified as a Peerless Boiler, model JOTW125WPC bearing a serial number JOTW104474-0691.

11.      On or before May 24, 2006, defendant Bottini Fuel Oil agreed to provide repair and maintenance services to the hot water boiler system of plaintiff's insured.

12.      On or about May 20, 2006, employees of defendant Bottini performed an inspection of the boiler system to determine the cause of excessive heat at the premises.

13.      In connection with the aforesaid servicing, employees of Bottini performed temporary repairs, indicating that they would need to return to the premises to complete the repairs.

14.      On or about May 24, 2006, the boiler exploded.

3

15.    As a direct and proximate result of the explosion,  plaintiff's insured sustained extensive damage and destruction to his real and personal property in an amount significantly in excess of $195,000.00.

16.    Pursuant to its policy of insurance, Liberty Mutual Fire Insurance Company made payments to Jeffrey Aveis for the damage referred to above and therefore pursuant to common law and contract law is subrogated to the rights of Jeffrey Aveis and is entitled to assert any and all claims on his behalf.

**COUNT I**
**NEGLIGENCE**
**PLAINTIFF V. DEFENDANT PB HEAT, LLC**

17.    Plaintiff incorporates by reference each and every allegation set forth above as if recited herein at length.

18.    The incident referred to in paragraph 17 above, and the consequent damages sustained by plaintiff, were caused by the negligence, carelessness and/or negligent acts or omissions of PB Heat employees, servants and representatives, acting within the scope of their employment, both generally and in the following particulars:

a.    failing to properly design, manufacture, and inspect the boiler system and component parts, creating a risk that the unit would cause over-heating at the premises;

b.    failing to ensure that the boiler system and its component parts were operating properly;

c.    failing to take reasonable and necessary steps to correct defective and dangerous conditions and deficiencies inherent in the boiler system and related components of the boiler system;

     d.  failing to replace or repair defects and/or deficiencies existing in the boiler system, and/or to otherwise ensure that same was in a safe and proper condition;

     e.  permitting a defective and dangerous condition to exist which PB Heat, LLC knew, or should have known, existed and which would create an unreasonable risk of harm to the property of plaintiff's insured;

     f.  failing to warn plaintiffs of the defective and dangerous condition, which PB Heat, LLC knew, or should have known, existed and which created an unreasonable risk of harm the property of plaintiff's insured;

     g.  failing to comply with applicable national, state and/or local statutes, codes, industry standards, and/or regulations regarding the proper design, assembly, manufacturing, testing, and/or inspection of the boiler system and component parts;

     h.  failing to take appropriate actions and/or precautions which would have prevented the damage to the property of plaintiff's insured;

     i.  failing to properly and adequately train and instruct its agents, servants and/or employees;

     j.  failing to act with due and reasonable care under the circumstances so as to protect the property the property of plaintiff's insured from harm;

     k.  otherwise failing to use due care under the circumstances; and

     l.  such other and further particulars as may be determined during the course of discovery.

     19.  As a result of the aforesaid negligence, carelessness and/or negligent acts or omissions of PB Heat, LLC  the incident referred to above, occurred, and resulted in extensive damage and destruction to plaintiff's insured's  property in an amount in excess of $195, 000.

WHEREFORE, Plaintiff, Liberty Mutual Fire Insurance Company, demands judgment, against defendant PB Heat, LLC in an amount in excess of $195,000.00, together with interest from May 24, 2006, costs of this action and for such other and further relief as this Court deems just and proper.

## COUNT II
## BREACH OF WARRANTIES
## PLAINTIFF V. DEFENDANT PB HEAT, LLC

20.    Plaintiff incorporates by reference each and every allegation set forth above as if recited herein at length.

21.    In designing, engineering, manufacturing, and distributing the boiler system, PB Heat, LLC expressly and/or impliedly warranted that its work was done in a prudent and workmanlike manner and that the product it supplied was of good and merchantable quality, safe and fit for the purpose for which it was intended.

22.    The incident referred to above and the consequent damages were caused by PB Heat, LLC breach of the aforesaid express and/or implied warranties.

23.    As a direct and proximate result of said breach, plaintiff's insured sustained extensive damage and destruction to its property in an amount in excess of $195,000.00.

WHEREFORE, Plaintiff, Liberty Mutual Fire Insurance Company, as Subrogee of Jeffrey Aveis, demands judgment, against defendant PB Heat, LLC in an amount in excess of $195,000.00, together with interest from May 24, 2006, costs of this action and for such other and further relief as this Court deems just and proper.

## COUNT III
## STRICT PRODUCTS LIABILITY
## PLAINTIFF V. DEFENDANT PB HEAT, LLC

24.    Plaintiff incorporates by reference each and every allegation set forth above as if recited herein at length.

6

25. The incident referred to above and the consequent damages were caused by PB Heat, LLC strict liability-producing conduct in:

a. designing, engineering, manufacturing, assembling, packaging, inspecting, testing, selling, supplying, distributing and/or placing into the stream of commerce the Peerless Boiler system, which was defective in design and/or manufacture and, thereby, unreasonably dangerous to plaintiff's insured's property and business.

26. By reason of the aforesaid strict liability producing conduct of PB Heat, LLC, the incident referred to above occurred and resulted in extensive damage and destruction to the property of plaintiff's insured property in an amount in excess of $195,000.00.

WHEREFORE, Plaintiff, Liberty Mutual Fire Insurance Company, demands judgment, against defendant PB Heat, LLC in an amount in excess of $195,000.00, together with interest from May 24, 2006, costs of this action and for such other and further relief as this Court deems just and proper.

## COUNT IV
## PLAINTIFF V. DEFENDANT BOTTINI FUEL COMPANY
## RECKLESSNESS, GROSS NEGLIGENCE AND NEGLIGENCE

27. Plaintiff incorporates, by reference, the allegations set forth in the preceding paragraphs.

28. The incident referred to above and the consequent damages sustained were caused by the gross negligence, negligence, carelessness, reckless and/or negligent acts and/or omissions of Bottini, by and through its agents, servants, workmen and/or employees, acting within the scope and course of their employment, both generally and in the following particulars:

a. failing to adequately, properly, and safely install the boiler system at the premises;

7

b.  failing to adequately, properly, and safely inspect and test the boiler system at the premises;

c.  failing to adequately, properly, and safely maintain, repair and service the boiler system at the premises;

d.  failing to take reasonable and necessary steps to correct the defective and dangerous conditions and deficiencies inherent in the boiler system;

e.  failing to replace or repair defects and/or deficiencies existing in the boiler system, and/or to otherwise ensure that same were in a safe and proper condition;

f.  failing to make necessary corrections and/or adjustments to the boiler system, which corrections and/or adjustments would have remedied the dangerous, defective condition of the boiler system;

g.  permitting a defective and dangerous condition to exist which Bottini knew, or should have known, existed and which would create an unreasonable risk of harm to plaintiff's insured property;

h.  failing to warn plaintiff's insured of the defective and dangerous condition, which Bottini knew, or should have known, existed and which created an unreasonable risk of harm to the property of plaintiff's insured;

i.  installing a defective boiler system;

j.  conducting work, with regard to the installation and servicing of the boiler system, in a negligent and careless manner, thereby subjecting plaintiffs' property to an unreasonable risk of harm;

k.  causing an explosion to occur at the premises by improper and unsafe installation and handling of the boiler system;

8

l.  failing to act with due and reasonable care under the circumstances so as to preserve the property of plaintiff's insured from harm;

m.  failing to abide by safe and proper practices in installing, inspecting, testing, repairing, servicing and maintaining the boiler system and its component parts;

n.  failing to abide by applicable rules, regulations, ordinances, codes and/or statutes for the installation, inspection, servicing, testing, repair and maintenance of the boiler system under the circumstances;

o.  failing to hire competent agents, servants, and/or employees to perform installation, inspection, testing, servicing, repair and maintenance work;

p.  failing adequately and properly to supervise the installation, inspection, testing, servicing, repair and maintenance of the boiler system;

q.  failing to provide safe and knowledgeable services;

r.  otherwise failing to use due care under the circumstances; and

s.  such other and further particulars as may be determined during the course of discovery.

29.    As a direct and proximate result of the above conduct, plaintiff's insured sustained extensive damage and destruction to their real and personal property in an amount in excess of $195,000.00.

WHEREFORE, Plaintiff, Liberty Mutual Fire Insurance Company, demands judgment, against defendant Bottini Fuel Oil Corporation in an amount in excess of $195,000.00, together with interest from May 24, 2006, costs of this action and for such other and further relief as this Court deems just and proper.

## COUNT V
## PLAINTIFF V. DEFENDANT BOTTINI FUEL COMPANY
## BREACH OF CONTRACT

30.     Plaintiff incorporates, by reference, the allegations set forth in the preceding paragraphs.

31.     At all times relevant hereto, Bottini had an express and/or implied contract with plaintiff's insured to provide services in a safe, good, and workmanlike manner.

32.     Bottini's acts and/or omissions herein, for the reasons set forth in Count IV, constitute a breach of Bottini's contract with plaintiffs.

33.     As a direct and proximate result of the said breach, plaintiff's insured sustained extensive damage and destruction to their real and personal property in an amount in excess of $195,000.00.

WHEREFORE, Plaintiff, Liberty Mutual Fire Insurance Company, demands judgment, against defendant Bottini Fuel Oil Corporation in an amount in excess of $195,000.00, together with interest from May 24, 2006, costs of this action and for such other and further relief as this Court deems just and proper.

## COUNT VI
## PLAINTIFF V. DEFENDANT BOTTINI FUEL COMPANY
## BREACH OF EXPRESS AND IMPLIED WARRANTIES

34.     Plaintiff incorporates, by reference, the preceding averments as though set forth at length herein.

35.     The incident and resultant damage and destruction to the real and personal property the property of plaintiff's insured was caused by and resulted from the breaches of Bottini, by and through its agents, servants, subagents, representatives and/or employees acting

within the course and scope of their employment, of express and/or implied warranties of merchantability and fitness for a particular purpose for which the aforesaid boiler system was used and intended to be used and of the express and/or implied warranties that the boiler was supplied free from defects.

36.    As a direct and proximate result of Bottini's conduct in breaching the aforesaid express and/or implied warranties, plaintiff's insured suffered damage and destruction to his real and personal property in an amount in excess of $195,000.00.

WHEREFORE, Plaintiff, Liberty Mutual Fire Insurance Company, demands judgment, against defendant Bottini Fuel Oil Corporation in an amount in excess of $195,000.00, together with interest from May 24, 2006, costs of this action and for such other and further relief as this Court deems just and proper.

Dated:        New York, New York
              April 17, 2007

                              COZEN O'CONNOR

              BY:    _Douglas B. Fox/bo_____
                     Douglas B. Fox, Esquire
                     Bar Roll No. DF5799
                     45 Broadway Atrium
                     New York, NY 10006
                     (212) 509-9400
                     Attorneys for Plaintiff